**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | CIV. 12-2726-PHX-PGR |
| Plaintiff, | ) ) | **ORDER FOR DEFAULT** |
| v. | ) ) | **JUDGMENT** |
| Daca & Company, LLC, et al., | ) ) | |
| Defendants. | ) ) | |
| —————————————— | ) | |

Before the Court is the Motion for Entry of Default Judgment filed by Plaintiff Best Western International, Inc. ("Best Western"). (Doc. 17.) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Best Western requests that the Court enter judgment by default in its favor against Defendants Daca & Company, LLC, nka, Rick & Bonita Investments, LLC, and Richard A. Jaszczyk ("Defendants"). For the reasons set forth below, the Court will grant the motion.

Best Western filed a complaint on December 27, 2012, alleging, among other claims, trademark infringement and unfair competition under the Lanham Act, based on Defendant's refusal to cease and desist their unauthorized use of the Best Western trade name, logo, and other symbols. (Doc. 1.) It filed an amended complaint on January 23, 2012. (Doc. 12.) The amended complaint alleges (I) Breach of Contract; (II) Breach of the Implied Covenant of Good Faith and Fair Dealing; (III) Open Account; (IV) Stated Account; (V) Unjust Enrichment; (VI) Breach of Contract, Post Termination Use of Trademarks; (VII) Federal Trademark Infringement; (VIII) False Designation of Origin and Unfair Competition; (IX)

Federal Trademark Dilution; (X) Unfair Competition under Arizona Law; (XI) Trademark Infringement under Arizona Law; and (XII) Common Law Trademark Infringement.

Defendants were duly served with the amended complaint but failed to answer or otherwise appear. Best Western moved for entry of default on February 20, 2013. (Doc. 15.) Default was entered February 21, 2013. (Doc. 16.) Best Western filed the pending motion for default judgment on March 27, 2012. (Doc. 17.)

**Background**

On June 17, 2005, Defendants executed a Membership Agreement with respect to the Best Western Welcome Inn, in Lancaster, Wisconsin. (Doc. 12, ¶ 26.) Pursuant to the Membership Agreement, Defendants agreed to promptly pay all fees, dues, charges, and assessments and to promptly pay the costs of all goods or services provided by or ordered through Best Western, with past due amounts bearing interest at the rate of 1.5% per month from the date due until paid. (*Id.*, ¶ 28; Ex. 1.) The Membership Agreement also granted Defendants a non-exclusive license to utilize Best Western's trademarks and other intellectual property (the "Best Western License"), allowing Defendants to use those trademarks and logos (the "Best Western Symbols") in connection with the Hotel. (*Id.*, ¶ 11.) Defendants' use of the Best Western License was limited by terms set forth in the Membership Agreement, which provided that termination of the Best Western Membership would result in termination of the License. (*Id.*, ¶ 20.) Defendants agreed to remove from public view and cease using all Best Western Symbols and other references to Best Western within 15 days of the date of termination. (*Id.*, ¶ 22.) Defendants also agreed that upon termination of the License they would cease all advertising and distribution of promotional material containing any Best Western Symbol. (*Id.*, ¶ 23.)

Best Western inspected the Hotel on July 26, 2012, and discovered that it did not meet the required quality standards. (*Id.*, ¶ 29.) On August 6, 2012, Defendants requested termination of their Best Western membership to be effective September 14, 2012. (*Id.*, ¶ 30; Ex. 3.) On August 8, 2012, Best Western acknowledged receipt of Defendants' request to

terminate its membership. (*Id.*, ¶ 31; Ex. 4.) Defendants were reminded that they were required to remove all Best Western Symbols and all references to the Hotel as a Best Western member in advertisements for the Hotel on or before September 29, 2012. (*Id.*, ¶ 32.) Defendants were also notified that they were required to satisfy their open and stated account with Best Western. (*Id.*, ¶ 33.)

On October 17, 2012, a Best Western representative inspected the Hotel and observed numerous items in public areas and guest rooms containing Best Western Symbols and noted that Best Western signage remained at the Hotel. (*Id.*, ¶ 34.) As of December 27, 2012, the day the original complaint was filed, websites for the Hotel were using the "Best Western" trade name in connection with advertisements for the Hotel. (*Id.*, ¶ 37.) In addition, Defendants have not satisfied their open account balance which, as of December 1, 2012, was $18,342.93. (*Id.*, ¶¶ 42, 47.)

The Membership Agreement provides that if a former member violates the nonexclusive License and continues to use Best Western trademarks beyond the 15-day grace period, the offending party will be assessed liquidated damages equal to 15% of the property's room rates per day, multiplied by the total number of rooms at the property for every day of a violation. (*Id.*, ¶ 77.) Under the terms of the Membership Agreement, Best Western seeks liquidated damages from September 30, 2012, through and including March 20, 2013, as well as interest on the unpaid amounts at the rate of 1.5% per month and attorneys' fees and costs.

**<u>Analysis</u>**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." After a default has been entered and the defendant fails to appear or move to set aside the default, the Court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Granting default judgment is within the Court's sound discretion. *See Albade v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider such factors as the possibility of prejudice to the plaintiff, the merits of the substantive claim, the sufficiency of the complaint, the sum of money at stake, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). A plaintiff is required to prove all damages sought in the complaint.

Having considered Best Western's motion, which addresses in detail each *Eitel* factor (Doc. 17 at 7–14), and having reviewed the supporting affidavits and documents provided by Best Western, the Court concludes that default judgment is appropriate.

First, Best Western will be prejudiced if default is not entered because absent judgment it will be without recourse for recovery. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

Next, a review of Best Western's amended complaint and the attached exhibits, including the Membership Agreement and other documents (Doc. 12, Ex's 1–9), as well as the affidavit of Cheryl Pollack, Director of Member Services for Best Western (Doc. 18), shows that Best Western has sufficiently set forth meritorious claims for relief. Best Western's allegations satisfy the elements of its claims for breach of contract, open and stated account, unjust enrichment, and trademark infringement. Given the sufficiency of the complaint and Defendants' default, there is no dispute concerning the material facts.

With respect to the amount at stake, Best Western seeks $18,342.93 in unpaid fees and charges, and liquidated damages in the amount of $34,942.14. These figures are properly documented, contractually justified, and reasonably proportionate to the harm caused by the Defendants' actions. *See Bd. of Trs. Of Ca. Metal Trades v. Pitchometer Propeller*, 1997 WL

1   797922, at *2 (N.D. Cal. 1997); *see also Best Western Int'l, Inc. v. Oasis Investments, L.P.*,
2   398 F.Supp. 2d 1075, 1081 (D.Ariz. 2005) (finding a liquidated damages clause enforceable
3   where the defendant did not contest the reasonableness of the amount and it would be
4   difficult for the plaintiff to accurately estimate the damages caused by the defendant's
5   infringing conduct).

6        Finally, with respect to the remaining *Eitel* factors, Defendants were properly served,
7   so it is unlikely that their failure to answer and the resulting default resulted from excusable
8   neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5
9   (D.Ariz. Jan. 3, 2008). Defendants' default also makes a decision on the merits "impractical,
10  if not impossible." *PepsiCo*, 238 F.Supp.2d at1177.

11       The Court further finds that Best Western has proved the damages sought in the
12  Complaint. The totals of $18,342.93 for Counts I–V and $34,942.14 for Count VI are
13  supported by the terms of the Membership Agreement and the affidavit of Ms. Pollack. This
14  Court has previously approved the formula by which Best Western determines liquidated
15  damages. *See Best Western v. Oasis Investments*, 398 F.Supp.2d at 1081.

16       Finally, as provided by the Membership Agreement, Best Western is entitled to all
17  attorneys' fees, costs, and expenses. The fees and costs sought by Best Western are
18  reasonable. (*See* Doc. 19.)

19       Accordingly,

20       IT IS ORDERED that Plaintiff Best Western's Motion for Entry of Default Judgment
21  (Doc. 17) is granted. Plaintiff is granted judgment against Defendant Daca & Company,
22  LLC, nka Rick & Bonita Investments, LLC, and Richard A. Jaszczyk, and against each of
23  them, as follows:

24       1.       On Counts I, II, III, IV, and V of the amended complaint in the amount of
25  $18,342.93 plus interest thereon at the rate of 1.5% per month from and after December 1,
26  2012 through the date the Judgment is entered.

27
28

1      2.      On Count VI of the amended complaint in the amount of $34,942.14; and

2      3.      Plaintiff's reasonable attorneys' fees, costs and expenses incurred herein in the

3 amount of $4,757.16.

4      IT IS FURTHER ORDERED that Plaintiff is granted a permanent injunction directing

5 Defendants and their respective officers, members, agents, servants, and employees, and any

6 other persons and entities acting on behalf of or in concert with Defendants, to immediately

7 and permanently remove all Best Western Symbols as used on the premises of, or in

8 reference to, the Hotel, including (without limitation) signage, the curvilinear signage

9 cabinets or any other display or items bearing any of the Best Western Symbols and

10 reimbursement of costs incurred by Best Western to cause the removal of the same should

11 Defendants fail to do so (in addition to whatever penalties the Court may impose upon

12 Defendants for failing to comply with the Court's order to remove any infringing signs,

13 displays, advertisements, or items from the Hotel) within ten (10) days of the injunction.

14      IT IS FURTHER ORDERED that Plaintiff is granted a permanent injunction directing

15 Defendants and any other persons and entities acting on behalf of or in concert with

16 Defendants, to immediately notify all advertisers, search engines, and providers of related

17 services that Defendants are not affiliated with Best Western and is required to cause the

18 cessation of all advertising and distribution of promotional material containing any of the

19 Best Western Symbols, any colorable imitation thereof, or any other confusingly similar

20 marks, and enjoining Defendants and any other persons and entities acting on behalf of or

21 in concert with Defendants or advertising Defendant's hotel property from using any such

22 marks (or any imitations or marks confusingly similar thereto) anywhere on the Internet or

23 elsewhere, including without limitation any use on or with any websites, domain names,

24 metatags, key words, banner ads, or search engines.

25

26

27

28

1    IT IS FURTHER ORDERED that Plaintiff is granted judgment against Defendants

2  for reasonable post-judgment attorney's fees and costs incurred in the enforcement of this

3  judgment.

4    IT IS FURTHER ORDERED that interest shall accrue on all amounts awarded herein

5  pursuant to 28 U.S.C. § 1961.

6    DATED this 23rd day of April, 2013.

7

8

9                        Paul G. Rosenblatt
                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28